# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WILLIAMS, BRIAN STINSON, and JUSTIN BREWER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GLOBAL PRODUCT MANAGEMENT, INC., NATIONAL PRODUCT EXPLORATION, INC., AND DISH DIRECT, INC., <br><br> Defendants. | Case No.: **2:25-cv-02264 FMO (DTBx)** <br><br> The Honorable Fernando M. Olguin <br> Courtroom 6D <br><br> **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **Hearing Date:** January 8, 2026 <br> **Hearing Time:** 10:00 a.m. <br> **Location:** Courtroom 6D <br><br> ACTION FILED: August 29, 2025 |

1

**[PROPOSED] ORDER**

The Court, having read and considered Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) ("**Motion to Dismiss**"), the memorandum of points and authorities, all subsequent papers filed in opposition to and in support thereof, all papers on file with the Court in this matter, any oral argument presented at the hearing, and good cause appearing therefore, hereby GRANTS the Defendant's Motion to Dismiss Plaintiff's Complaint for the following reasons:

1. **Implied Preemption by the FDCA**: All claims are impliedly preempted by the Federal Food, Drug, and Cosmetic Act's ("**FDCA**") exclusive enforcement scheme, 21 U.S.C. § 337(a), as they seek private adjudication of alleged FDCA violations incorporated via California's Sherman Law (Cal. Health & Saf. Code §§ 110100 *et seq*.), usurping the FDA's sole authority to determine whether the Products' labels make impermissible implied disease or aphrodisiac claims. See *Bubak v. Golo, LLC*, No. 24-492, 2025 WL 2860044, at *1–2 (9th Cir. Oct. 9, 2025); *Nexus Pharms., Inc. v. Cent. Admixture Pharm. Servs., Inc.*, 48 F.4th 1040, 1049–50 (9th Cir. 2022).

2. **Failure to Plead Affirmative Falsity**: Plaintiffs fail to allege any affirmative evidence of falsity, relying solely on an impermissible lack-of-substantiation theory, which California law does not recognize for private plaintiffs and which imposes burdens exceeding FDCA requirements. See *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 811–12 (9th Cir. 2020); *Dachauer v. NBTY, Inc.*, 913 F.3d 844, 847–48 (9th Cir. 2019).

3. **No Plausible Implied Disease Claims**: The Product labels do not plausibly imply disease or aphrodisiac claims under the reasonable consumer standard, as the challenged structure/function representations are permissible under FDCA regulations and any ambiguity is resolved by the mandatory disclaimers and asterisks as a matter of law. See *Whiteside v. Kimberly-Clark Corp.*, 108 F.4th 771, 779–81 (9th Cir. 2024);

*McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023).

4. **Failure to Satisfy Rule 9(b)**: All fraud-based claims fail Federal Rule of Civil Procedure 9(b)'s heightened particularity requirements, as Plaintiffs do not specify the "who, what, when, where, and how" of the alleged misconduct, including reliance on particular representations or evidence of falsity. See *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

5. **Lack of Article III Standing for Injunctive Relief**: Because the Products' labels and disclaimers are publicly verifiable without the necessity of repurchase, Plaintiffs cannot plausibly allege they face any real or immediate threat of similar, future harm and therefore lack Article III standing to seek injunctive relief. See *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 906–07 (N.D. Cal. 2021).

6. **Claims Are Time-Barred**: The claims are barred by the applicable statutes of limitations, as Plaintiffs' purchases fall outside the four-year UCL (Bus. & Prof. Code § 17208) and three-year FAL/CLRA (Code Civ. Proc. § 338(a); Civ. Code § 1783) periods, with no plausible tolling via delayed discovery or equitable doctrines. See *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1196 (2013).

**IT IS SO ORDERED.**

Dated: _____      _____
HONORABLE FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE